**DICKSTEIN**SHAPIRO LLP

1177 Avenue of the Americas | New York, NY 10036-2714
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

# MEMO ENDORSED
October 18, 2007





**VIA HAND DELIVERY**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

Re: Securities and Exchange Commission v. Colonial Investment Mgmt. LLC. et al.,
(07 CIV 8849) (PKC)

Dear Judge Castel:

    We are counsel to Colonial Fund LLC ("Colonial Fund"), Colonial Investment Management LLC ("Colonial Investment"), and Cary Brody ("Brody") (collectively "the Defendants"). We respectfully submit this letter, pursuant to Section 2A.1 of this court's rules, to arrange a pre-motion conference with respect to an Order that Defendants intend to seek, pursuant to F.R.Civ.P. 12(b)(6), dismissing the complaint filed by the Securities and Exchange Commission ("SEC") in the above-captioned case, in which the SEC seeks, among other relief, to permanently enjoin the Defendants from further violations of Rule 105 of Regulation M [17 C.F.R. §242.105] ("Rule 105").[1]

    The primary bases upon which Defendants intend to move are twofold: (1) The SEC's complaint fails to allege a reasonable likelihood of a *future* violation of current federal securities laws, which is an indispensable element of the relief sought. *See SEC v. Cavanagh*, 155 F.3d 129, 135 (2d Cir. 1998); and (2) Rule 105, which is alleged to have been violated, was "vague and ambiguous" as evidenced by the fact that it was not until July 28, 2004 that the SEC issued "interpretative guidance," which was not rule making under appropriate administrative procedures, published more than six years after Rule 105 was promulgated. Additionally the SEC issued a release which conceded that failure to amend Rule 105 could "increase uncertainty in the marketplace." 71 F.R. at 75,005. Finally, Eric Sirri, the SEC Director of the Division of Market Regulation, on December 4, 2006, acknowledged that "[t]he question of what constitutes a covering transaction is a difficult one." Rachel McTague, SEC Moves to Repeal Tick Test, Amend Another Anti-Manipulation Rule, 38 Sec. Reg. & L. 2041, 2042 (2006).

---

[1] Defendants were served with the complaint on Monday, October 15, 2007.

Washington, DC | New York, NY | Los Angeles, CA

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
October 18, 2007
Page 2

Rule 105 of Regulation M, as promulgated in 1997, stated as follows:

In connection with an offering of securities for cash pursuant to a registration statement or a notification on Form 1-A filed under the Securities Act, *it shall be unlawful for any person to cover a short sale with offered securities purchased from an underwriter or broker or dealer participating in the offering*, if such short sale occurred during the shorter of: (1) The period beginning five business days before the pricing of the offered securities and ending with such pricing; or (2) The period beginning with the initial filing of such registration statement or notification on Form 1-A and ending with the pricing.   17 C.F.R. 242.105 (emphasis added).

The new Rule 105, effective as of October 9, 2007, simply prohibits *participating* in the allocation of a secondary offering, an entirely separate and distinct violative act than that proscribed in the old rule. The SEC did not allege, nor can it allege, that the Defendants violated or have a reasonable likelihood of violating the new Rule 105.[2]

As the motion will demonstrate, the SEC has brought this claim based solely on *past* alleged violations that are claimed to have occurred before Rule 105 was amended. Nothing in the complaint alleges or suggests that such violations, if proven, are likely to continue – especially in light of the fact that the rule at issue was amended just prior to the filing of this action to provide that no individual may receive any allocation of a secondary offering where that individual has sold short shares of that stock within five days of the pricing of the offering, thus making clear that the conduct that forms the basis of the alleged violations in the past cannot as a matter of law constitute a violation of the rule today. The SEC's allegations of a violation of the *old* Rule 105 based on conduct ending nearly three years ago is not sufficient to constitute an allegation of a likelihood of future violations of a *new* rule, where the new rule dramatically altered the prohibited conduct and the SEC failed to specifically allege instances of conduct in violation of the new rule. *See Cavanagh*, 155 F.3d at 135 (holding that "the SEC must demonstrate that there is a substantial likelihood of *future* violations of *illegal* securities conduct." (emphasis added)).

---

[2] While we acknowledge that the court must recognize as true the allegations in the complaint, we in no way agree with the factual allegations which form the predicate of the SEC's claim.

**DICKSTEIN**SHAPIRO LLP

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
October 18, 2007
Page 3

      Furthermore, it is important to note that Rule 105 was amended primarily because the SEC recognized that the settlement of enforcement cases on a case-by-case basis concerning the rule created "uncertainty in the marketplace." As mentioned above, the SEC has not made the essential allegations that the Defendants ever *will* violate the new rule unless enjoined, while the uncertainty inherent in the prior, old version of Rule 105 prevents the SEC from making a showing that the Defendants ever *did* violate the rule during the period at issue.

Respectfully submitted,

*[signature]*

Ira Lee Sorkin
(212) 277-6576
sorkini@dicksteinshapiro.com

cc: Valerie A. Szczepanik, Esq.
    Senior Trial Counsel, Securities and Exchange Commission

*[Handwritten order:]* Plaintiff should respond to Mr. Sorkin's letter by fax to chambers no later than October 25. Plaintiff should indicate whether it desires to amend its complaint and if so, in what respects. Defendant to reply by October 31 (faxed to chambers); I will hear the parties at a conference on November 7, 2007 at 10:00.

SO ORDERED USDJ
*[signature]* 10-19-07

DOCSNY.273884