

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NY 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0175

## MEMO ENDORSED

March 31, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/08
```

**BY FACSIMILE TO 212.805.7949**

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  **SEC v. Colonial Investment Management LLC, et al., 07 cv 8849 (PKC)**

Dear Judge Castel:

    Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this letter pursuant to Your Honor's Individual Practices, Rule 2.A.1, and Local Civil Rule 37.2, in order to request an informal conference with the court to address the matter of a subpoena issued by Defendant to Dr. Erik R. Sirri, the Commission's Director of Trading and Markets. On March 27, 2008, Defendant served Dr. Sirri with a subpoena pursuant to Federal Rule of Civil Procedure 45, calling for Dr. Sirri's testimony at a deposition currently scheduled for April 8, 2008. The Commission seeks to quash the subpoena, attached hereto.

    Plaintiff objects to the taking of such a deposition in that it would not lead to the discovery of any evidence relevant to any fact of consequence in this action, it would likely seek to elicit disclosure of privileged and protected matter, and it would impose an undue burden on Dr. Sirri. Specifically, Plaintiff believes that Defendant intends to question Dr. Sirri about remarks he made during a December 4, 2006 Commission public meeting regarding a proposed amendment to Rule 105. Dr. Sirri's remarks are a matter of public record. See http://www.connectlive.com/events/secopenmeetings/2006index.html, at 1:30:20. Defendants' arguments concerning Dr. Sirri's remarks were made to the Court in their Motion to Dismiss, currently pending before the Court, and were addressed by the Commission in its Opposition to Defendants' Motion to Dismiss. See Mem. of Law of Defs in Support of Their Mot. to Dismiss at 4; Pl's Mem. of Law in Opp. to Defs' Mot. To Dismiss at 19-20. The interpretation of Rule 105 is a matter for the Court and it is unclear what relevance Dr. Sirri's testimony could possibly have to the present case, an action to determine whether Defendants violated Rule 105. Moreover, any inquiry into Dr. Sirri's thoughts in this regard impermissibly delves into the Commission's deliberative processes. See, e.g., NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150-51 (1975) (disclosure of intra-agency deliberations and advice injurious to federal government's decision-making functions because it tends to inhibit candid discussion necessary to effective government); Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 866

The Honorable P. Kevin Castel
3/31/2008
Page 2

(D.C. Cir. 1980) (privilege "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."). The Commission's need to protect its internal deliberations far outweighs any possible relevance of Dr. Sirri's testimony (indeed, such testimony is irrelevant). In light of the foregoing, to subject Dr. Sirri to a deposition would be unduly burdensome.

Should the Court deny the instant request for an informal conference, Plaintiff requests permission to file a brief in support of its motion to quash pursuant to Federal Rule of Civil Procedure 45. Plaintiff requests that the deposition currently scheduled for April 8, 2008 be postponed until the Court can address this issue.

Respectfully submitted,

Valerie A. Szczepanik
Senior Trial Counsel

cc: Ira Lee Sorkin, Esq. (by facsimile)

> The deposition is stayed. Plaintiff may file its motion by April 11 and defendant may respond by April 23. Plaintiff may reply by April 30. Previously requested conference is waived.
>
> SO ORDERED.
> /s/ P. Kevin Castel
> USDJ
> 3-31-08