UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

COLONIAL INVESTMENT
MANAGEMENT LLC,
COLONIAL FUND LLC, and
CARY G. BRODY,

    Defendants.

07 CV 8849 (PKC)
ELECTRONIC FILING

---

**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER TO QUASH DEPOSITION SUBPOENA**

**Preliminary Statement**

Defendants Colonial Investment Management LLC ("CIM"), Colonial Fund LLC ("Colonial"), and Cary G. Brody ("Brody") (collectively, the "Defendants") respectfully submit this Memorandum of Law in opposition to the motion of Plaintiff Securities and Exchange Commission (the "Commission") for a protective order to quash a deposition subpoena issued to Dr. Erik R. Sirri ("Dr. Sirri"), Director of the Commission's Division of Trading and Markets. Defendants oppose the motion for a protective order because the deposition in question is intended to elicit from Dr. Sirri only specific testimony that is: (1) relevant to (a) whether Defendants violated Regulation M, Rule 105, as alleged, and (b) the appropriateness of the relief sought by the Commission; and (2) not protected from discovery by any privilege, including the government deliberative process privilege.

## Background

During a public meeting of the Commission on December 4, 2006 (the "2006 Public Meeting"), Dr. Sirri, in his capacity as Director of the Division of Market Regulation,[1] delivered a speech advocating for a substantial alteration to the rule at issue in this case, Regulation M, Rule 105. During his speech, Dr. Sirri urged that Rule 105 as it existed at the time ("Old Rule 105") required important changes in order to facilitate enforcement by the Commission and streamline compliance by short sellers. See http://www.connectlive.com/events/secopenmeetings/2006index.html, at 1:27:37. To accomplish this, Dr. Sirri outlined the terms of a proposed rule ("New Rule 105") that offered a "bright line test" for compliance. See Id. at 1:30:20. Unlike Old Rule 105, which required the Commission to undertake the difficult task of deciphering whether a restricted period short position had been covered by shares obtained in a cash offering (*covering* was the violative act),[2] the New Rule 105 referred to by Dr. Sirri proscribed conduct clearly and concisely: If an individual holds a restricted period short position, he cannot then purchase shares in the cash offering of the same stock, irrespective of whether the offering shares would be used to cover the short position.[3] Dr. Sirri went on to

---

[1] The *Division of Market Regulation* is the former title of the *Division of Trading and Markets*, for which Dr. Sirri currently serves as Director.

[2] Old Rule 105 provided in pertinent part:

> "In connection with an offering of securities for cash pursuant to a registration statement . . . filed under the Securities Act, it shall be unlawful for any person to cover a short sale with offered securities purchased from an underwriter or broker participating in the offering, if such short sale occurred during the [Restricted Period]." 17 C.F.R. §242.105(a) (2006).

[3] New Rule 105, which became effective October 9, 2007, provides in pertinent part:

> "In connection with an offering of equity securities for cash pursuant to a registration statement . . . filed under the Securities Act . . ., it shall be unlawful for any person to sell short . . . the security that is the subject of the offering and purchase the offered securities from an underwriter or broker or dealer participating in the offering if such short sale was effected during the [Restricted Period]." 17 C.F.R. §242.105(a) (2007).

explain that adopting the "bright line" test of New Rule 105 was necessary because "the question of what constitutes a covering transaction is a difficult one." See Id. at 1:30:32. The "difficult" question referred to by Dr. Sirri is of central importance to the case at bar, and as such, should be afforded due investigation and elaboration.

## ARGUMENT

### I.  Dr. Sirri's Testimony Is Relevant To Issues Central To The Defense

The Commission's motion to quash should be denied because Dr. Sirri's deposition will lead to information that is relevant to the Defendants' defense, pursuant to Federal Rule of Civil Procedure 26(b)(1). Contrary to the Commission's view, whether Old Rule 105 was vague or unclear to the Commission is indeed relevant to whether the Defendants did violate and are likely to violate New Rule 105 in the future – the dispositive issue not only as to what constituted a "cover" of a "short" position but also as to determining whether to grant the Commission's demand for injunctive relief.[4] See Am. Compl. ¶ 55. Specifically, Dr. Sirri's testimony is relevant because if the question of what constituted the violative act of Old Rule 105 was in fact "difficult" for the Commission to answer, as Dr. Sirri suggested, then claiming an investor is prospectively likely to violate New Rule 105, which purportedly contains no such difficulties or ambiguities in its application, based on alleged violations of Old Rule 105 becomes problematic for the Commission. Moreover, if the Commission found it "difficult" to interpret Old Rule 105, then to urge that one charged with violating the Old Rule 105 should have understood his conduct to be violative is even more problematic.

---

[4] Defendants filed a motion on December 4, 2007 pursuant to Fed. R. Civ. P. 12(b)(6) seeking to dismiss the Commission's claim for injunctive relief.

3

In addition, Defendants note that Dr. Sirri's remarks echo a patterned sentiment within the Commission that Old Rule 105 was vague and difficult to administer. For example, in a Commission release issued on November 6, 2003 proposing the adoption of Regulation SHO, the Commission for the first time publicly recognized that the black letter of Old Rule 105 was ineffective at communicating to investors what sort of conduct constituted a violation of the rule. See Short Sales, 68 Fed. Reg. 62972, *62999 (Nov. 6, 2003) ("We seek comment . . . on criteria in addition to economic purpose or substance, change in beneficial ownership, and market risk, that may distinguish sham transactions from legitimate trading [under Rule 105]." Id.) Not until August 6, 2004 were investors given any "interpretive guidance" from the Commission suggesting that the prohibitions of Old Rule 105 may extend beyond the literal terms of the rule. See Short Sales, 69 Fed. Reg. 48,008, *48,021 (Aug. 6, 2004). Then, in a proposing release issued on December 13, 2006 for the adoption of New Rule 105, the Commission expressly acknowledged the remaining uncertainty and ambiguity surrounding the application of Old Rule 105: "Otherwise [if the covering component is not eliminated as the rule proposes], we would have to continue to address each variation on a case-by-case basis, *which could increase uncertainly in the marketplace.*" Short Selling in Connection with a Public Offering, 71 Fed. Reg. 75,002, *75,005 (December 13, 2006) (emphasis added). Accordingly, Dr. Sirri's testimony is relevant to provide further support to Defendants' argument that Defendants were not on reasonable notice that their trading conduct, which we believe the evidence will show conformed to the literal terms of the regulation, could have nevertheless constituted a violation of Old Rule 105 in the view of the Commission, as the Commission continuously called into question the soundness of its own rule.

To support its position that Dr. Sirri's testimony is irrelevant, the Commission conveniently minimizes the role of its own interpretations within the judicial process, stating that the "Commission staff's statements and opinions do not change [Rule 105's] terms." (See Pl's Mem. of Law in Supp. of its Mot. to Quash Dep. Subp., Dkt. # 24, at 5.) This assertion by the Commission shortchanges the persuasiveness of its staff's interpretations. While it is indeed the case that the ultimate application of Rule 105 is a matter for the Court to decide, courts typically afford significant deference to the Commission's interpretations of the regulations that it has promulgated, particularly in circumstances where, as here, the Old Rule 105 contained ambiguous provisions requiring substantial interpretative guidance. See Stuart-James Co., Inc. v. S.E.C. 857 F.2d 796, 800 (2d Cir. 1988) ("We note at the outset that considerable deference is owed to an administrative agency's interpretation of regulations that it has promulgated under a statute that Congress has charged it with enforcing." Id.); See also People of State of Cal. Ex rel. Dept. of Transp. v. U.S., ex rel. Dept. of Transp., Fed. Highway Admin., 561 F.2d 731 (9th Cir, 1977) ("[a] court must necessarily look to the administrative construction of the regulation if the meaning of the words used is in doubt." Id. at 734.) Accordingly, a vague or ambiguous regulation such as Old Rule 105 raises the value and importance of staff interpretations.

Thus, Dr. Sirri's remarks interpreting Old Rule 105 during his speech at the 2006 Public Meeting are relevant not only to matters central to the Defendants' defense, but to the Court's ultimate interpretation of the rule in effect during that time period.

## II.   Defendants Do Not Seek Disclosure Of Privileged Or Protected Matters

The purpose of the deposition at issue is to provide Dr. Sirri with an opportunity to elaborate on his remarks made during the 2006 Public Meeting. Contrary to the Commission's arguments, Defendants do not seek to elicit testimony relating to Dr. Sirri's internal

communications with the Commission or its staff, or information that is otherwise protected by any applicable privilege.

The Commission devotes a substantial portion of its Memorandum outlining the parameters of the government deliberative process privilege. See Pl's Mem. of Law in Supp. of its Mot. to Quash Dep. Subp., Dkt. # 24, at 6-8. Defendants do not dispute the Commission's characterization of this privilege and recognize that internal working papers, draft documents, internal communications, and private intra-agency discussions, for example, fall within the bounds of protected material. Id. Similarly, Defendants do not dispute the Commission's position that "[t]o the extent that Dr. Sirri had internal communications with the Commission or its staff about his remarks or the proposed amendment to Rule 105, those activities are the foundation for the Commission's rulemaking and fall squarely within the scope of the deliberative process privilege." Id. at 8.

Rather, Defendants disagree with the Commission's mischaracterization and exaggeration of the intended scope of the deposition at issue, which the Commission depicts to include scores of privileged and protected materials. In fact, the intended scope of Defendants' deposition of Dr. Sirri is particularly limited, seeking only testimony related to Dr. Sirri's personal remarks, opinions, and beliefs in connection with Old Rule 105 and the Division of Market Regulation's proposal of New Rule 105 during the 2006 Public Meeting.

Finally, granting the Commission's motion to quash the subpoena is a more restrictive solution than is necessary to address the Commission's concern, albeit unjustified, that Defendants seek discovery of privileged information. If at any point during the deposition Mr. Sirri or his counsel believes that a particular inquiry or line of questioning seeks the disclosure of privileged information, protected by the government deliberative process privilege or otherwise,

the Commission is well within its rights to object to such an inquiry on the record at the appropriate time and direct Dr. Sirri not to answer the question pending a determination by the Court.

## CONCLUSION

The Court should deny the Commission's motion to quash the subpoena as Dr. Sirri's testimony is relevant to the defense of this case and the deposition does not seek privileged or protected information.

Dated:   April 18, 2008
         New York, New York

                                           s/ Ira Lee Sorkin
                                           Ira Lee Sorkin
                                           Dickstein Shapiro LLP
                                           1177 Avenue of the Americas
                                           New York, New York 10036
                                           Ph: (212) 277-6500
                                           Fx: (212) 277-6501
                                           Attorney for the Defendants

## Certificate of Service

I hereby certify that on April 18, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Valerie A. Szczepanik, Esq.
Securities and Exchange Commission
3 World Financial Center – RM 400
New York, New York 10281
(212) 336-0175
Attorney for Plaintiff

    s/ Bradley M. Brown
Bradley M. Brown – Legal Clerk
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500
Attorneys for Defendants