

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-21-08

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NY 10281-1022

WRITER'S DIRECT DIAL LINE
(212) 336-0175

**MEMO ENDORSED**

April 21, 2008

**BY FACSIMILE TO 212.805.7949**

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: SEC v. Colonial Investment Management LLC, et al., 07 cv 8849 (PKC)

Dear Judge Castel:

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this letter pursuant to Your Honor's Individual Practices, Rule 2.A.1, and Local Civil Rule 37.2, in order to request an informal conference with the court to address the matter of a subpoena issued by Defendants to the Commission pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Subpoena," attached hereto). On April 17, 2008, Defendants served the undersigned with the Subpoena, which calls for the Commission's testimony at a deposition scheduled for April 28, 2008. The Commission seeks to quash the Subpoena.

The Subpoena seeks a Rule 30(b)(6) deposition of the Commission concerning eight "matters" that, in essence, amount to attorney work product relied upon to form the allegations in the Amended Complaint. There is no proper or good faith basis for a Rule 30(b)(6) deposition directed to the Commission on the "matters" set forth in the Subpoena. Defendants know that the investigation leading to this civil enforcement action was conducted by and at the direction of attorneys on the Commission's staff. The Subpoena is an improper attempt to depose opposing counsel about its case and an impermissible invasion into work product and other privileges, as well as a transparent attempt to unduly burden the Commission (and the Court) through the abusive use of this discovery device.

The facts of this case are in the documents the Commission acquired during its investigation, which already have been produced to the Defendants in a searchable computer database. The facts are also known to witnesses, who are readily available for deposition. What Defendants now seek are the Commission's attorneys' impressions and analysis, i.e., its work product. Courts have soundly rejected this approach. See, e.g., SEC v. Rosenfeld, 1997 U.S. Dist. LEXIS 13996 (S.D.N.Y. Sep. 16, 1997) (granting protective order in Commission enforcement action against 30(b)(6) deposition of the Commission); SEC v. Morelli, 143 F.R.D. 42, 44, 47 (S.D.N.Y. 1992) (granting protective order in Commission enforcement action

The Honorable P. Kevin Castel
4/21/2008
Page 2

against 30(b)(6) deposition of the Commission seeking facts and contentions underlying allegations of the complaint).

    Should the Court deny the instant request for an informal conference, Plaintiff requests permission to file a brief in support of its motion to quash. Plaintiff requests that the deposition currently scheduled for April 28, 2008 be postponed until the Court can address this issue.

Respectfully submitted,

Valerie A. Szczepanik
Senior Trial Counsel

cc: Ira Lee Sorkin, Esq. (by facsimile)
attachment

[handwritten annotations by the Court]

To which plaintiff responds that defendant work product materials were produced See Local Rule 26.2

Compliance with deposition subpoena is stayed. In the first instance, defendant should explain why this information is not obtainable through a contention interrogatories. Rule 34 document and interrogatories are due April 25. Defendant's letter is due May 2. Plaintiff's letter is due May 9. Thereafter, I will either rule, hold a hearing, conduct judge's conference or report to Magistrate Judge or require a formal motion.

SO ORDERED
PKC
4-21-08