**VALERIE A. SZCZEPANIK**
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center – RM 400
New York, New York 10281-1022
(212) 336-0175

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| COLONIAL INVESTMENT MANAGEMENT LLC, COLONIAL FUND LLC, and CARY G. BRODY, | : 07 CIV 8849 (PKC) |
| | : |
| Defendants. | : |

_____

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER TO QUASH DEPOSITION SUBPOENA**

In their Opposition, Defendants fail to demonstrate how a deposition of Dr. Erik R. Sirri ("Dr. Sirri"), Director of the Securities and Exchange Commission's ("Commission's") Division of Trading and Markets, could possibly elicit any testimony that is relevant to the issues in this case and not protected from discovery by the government deliberative process privilege. On the contrary, the Opposition confirms that Dr. Sirri's deposition would serve only to distract from the real issues in this case and to cause undue burden to the Commission and its staff. Such a tactic is at odds with law and policy, and Dr. Sirri's deposition subpoena should be quashed.

### *Dr. Sirri's "Personal Remarks, Opinions, and Beliefs" Are Irrelevant to this Case*

Defendants state that they "do not seek to elicit testimony relating to Dr. Sirri's internal communications with the Commission or its staff … ." (Defs' Mem. of Law In Opposition to Pl's Mot. for Protective Order to Quash Deposition Subpoena, Dkt. # 26, ("Defs' Opp.") at 5-6.) Indeed, Defendants concede, as they must, that such internal communications are protected by the government deliberative process privilege. (Id. at 6.) See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150-51 (1975) (disclosure of intra-agency deliberations and advice is injurious to federal government's decision-making functions because it tends to inhibit frank and candid discussion necessary to effective government); International Paper Co. v. Federal Power Comm'n., 438 F.2d 1349, 1359 (2d Cir. 1971) (there is a "privilege, customarily enjoyed by the Government in its litigations, against having to reveal those internal working papers in which opinions are expressed and policies formulated and recommended"). Rather, Defendants purport to seek "only testimony related to Dr. Sirri's personal remarks, opinions, and beliefs in connection with Old Rule 105 and the Division of Market Regulation's proposal of New Rule 105 during the 2006 Public Meeting." (Defs' Opp. at 6.) However, such testimony is irrelevant to the present case.

The interpretation of Rule 105 and whether Defendants violated and are likely again to violate the rule are matters for the Court to decide. Dr. Sirri's remarks, made during the 2006 Public meeting in his official capacity as the Director of the Commission's Division of Trading and Markets, are a matter of public record. (See http://www.connectlive.com/events/secopenmeetings/2006index.html, at 1:25:10.) The Court presumably will give Dr. Sirri's remarks during the 2006 Public meeting the meaning and weight the Court deems appropriate in interpreting and applying Rule 105 to the facts of this case.

Dr. Sirri's "personal remarks, opinions, and beliefs," on the other hand, are irrelevant. The obligation to comply with the securities laws is the Defendants', and this obligation cannot be shifted to the Commission or its staff under any circumstances. See, e.g., SEC v. Culpepper, 270 F.2d 241 (2d Cir. 1959) (Commission and its agents may not "waive" violations of federal law). Defendants "do not have the right to rely on [Dr. Sirri] to tell them how to comply with the securities laws, nor can they successfully assert the absence of such assistance as a defense." SEC v. Falstaff Brewing Corp., 1978 U.S. Dist. LEXIS 14669, *73-74 (D.D.C. 1978), aff'd, 629 F.2d 62 (D.C. Cir. 1980).

Defendants' argument that Dr. Sirri's testimony relates to "the Commission's interpretations of the regulations that it has promulgated" is a red herring. (See Defs' Opp. at 5.) The administrative record relating to the Commission's promulgation of Rule 105 is what it is. Dr. Sirri cannot testify as to the Commission's views of Rule 105. See 17 C.F.R. § 202.1(d) ("opinions expressed by members of the staff do not constitute an official expression of the Commission's views"); cf. 15 U.S.C. § 78d-1 (Commission may delegate, by published order or rule, its functions to a division of the Commission). Statements of Commission staff are not statements of the Commission, which acts as a collegial body through its Chairman and Commissioners. See, e.g., SEC v. National Student Mktg. Corp., 538 F.2d 404, 406-07 (D.C. Cir. 1976) (affirming district court that, "internal documents authored by agency staff or individual Commissioners 'cannot be considered as an official expression of the will and intent of the Commission.'"); Pennzoil Co. v. DOE, 680 F.2d 156, 161-62 & n.8 (Temp. Emer. Ct. App. 1982) (citing cases).

Notably, Defendants have not distinguished any of the case law relied upon by Plaintiff's in support of its motion to quash Dr. Sirri's deposition. Nor have they cited to any precedent permitting such an extraordinary deposition.

*<u>Permitting the Deposition to Proceed would Thwart Sound Policy</u>*

Defendants suggest that the Court permit Dr. Sirri's deposition to proceed and, "[i]f at any point during the deposition [Dr.] Sirri or his counsel believes that a particular inquiry or line of questioning seeks the disclosure of privileged information … the Commission is well within its rights to object … and direct Dr. Sirri not to answer the question pending a determination by the Court." (Defs' Opp. at 6-7.) Defendants have not propounded, and the Commission cannot envision, any line of questioning of Dr. Sirri to which the Commission would <u>not</u> object – and appropriately so. It follows from Defendants' Opposition that, were Dr. Sirri's deposition to proceed with Plaintiff asserting its objections, Defendants would then proceed with a motion to compel. Such a course of action would essentially result in postponing for a later time the decision that sits squarely before the Court today, after *additional* burden and expense to Plaintiffs and the Court. Moreover, to allow Defendants here to depose Dr. Sirri would have broader implications than to just this case. If Commission employees' "personal remarks, opinions, and beliefs" were potential items of discovery, the Commission's functions would be greatly inhibited and encumbered. The Commission's need to protect against such intrusion far outweighs Defendants' need for testimony that is irrelevant to this case.

### *The Court Should Quash the Subpoena to Dr. Sirri*

Dr. Sirri's testimony is entirely irrelevant to the present case. The Court should quash the subpoena to prevent Defendants delving into matters having no bearing on any issue in the case and that are designed to delay and distract. For the reasons set forth herein and in the Commission's moving papers, the Commission respectfully requests that the subpoena issued to Dr. Sirri be quashed.

Dated: April 28, 2008
      New York, New York

                                    s/ Valerie A. Szczepanik
                                    VALERIE A. SZCZEPANIK
                                    Attorney for Plaintiff
                                    Securities and Exchange Commission
                                    New York Regional Office
                                    3 World Financial Center – RM 400
                                    New York, NY  10281-1022
                                    Ph: (212) 336-0175
                                    Fx: (212) 336-1317
                                    szczepanikv@sec.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Plaintiff's Reply Memorandum in Support of Motion for Protective Order to Quash Deposition Subpoena to be filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Southern District of New York's Local Rules and/or the Southern District of New York's Rules on Electronic Service, on April 28, 2008, upon the following parties and participants:

Ira Lee Sorkin, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, New York  10036
Attorney for the Defendants

                                            s/ Valerie A. Szczepanik
                                            VALERIE A. SZCZEPANIK
                                            Attorney for Plaintiff
                                            Securities and Exchange Commission
                                            New York Regional Office
                                            3 World Financial Center – RM 400
                                            New York, NY  10281-1022
                                            Ph: (212) 336-0175
                                            Fx: (212) 336-1317
                                            szczepanikv@sec.gov