USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff,              07 Civ. 8849 (PKC)

    -against-

                                      ORDER

COLONIAL INVESTMENT MANAGEMENT LLC,
COLONIAL FUND LLC, and CARY G. BRODY,

              Defendants.
-------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Eric R. Sirri is the Director of the SEC's Division of Trading and Markets. Defendants have served a deposition subpoena for his testimony and the plaintiff has moved to quash the subpoena. Dr Sirri, according to defendants, delivered a speech in his capacity as Director of the Division of Market Regulation (predecessor of the Division of Trading and Markets) in which he advocated a substantial change to Regulation M, Rule 105. 17 C.F.R. § 242.105(a) (2006). In defendants' own words "[t]he purpose of the deposition at issue is to provide Dr. Sirri with an opportunity to elaborate on his remarks during the 2006 Public Meeting." (Def. Mem. at 5.) Dr. Sirri testimony setting forth his views on the rule in its prior form is immaterial to this case. No theory is advanced that entails direct reliance by defendants upon anything Dr. Sirri said or did. Defendants are free to cite the public remarks of Dr. Sirri as they might cite any other secondary source, although his comments ought to be approached with, at least, the same degree of caution as legislative history. The motion to quash is granted.

        The plaintiff challenges what it views as the late designation of an expert by defendants. (Letter of May 2, 2008) By extending the date for fact and expert discovery, the provisions of paragraph 7(b) of the Case Management Plan and Scheduling Order, governing

expert disclosures, required the parties to meet and confer on a new schedule. Defendants' designation of a new expert witness will be permitted provided it makes the required disclosures.

With respect to the proposed Rule 30(b)(6) deposition of the plaintiff, I have examined the defendants letter of April 25, 2008 and the plaintiff's response of May 1, 2008. In this case, I conclude that a deposition is an inefficient mode for these inquiries. However, the eight categories of inquiry have not been shown by plaintiff to be unreasonable. I will direct the plaintiff to treat the eight categories of the Rule 30(b)(6) notice as if they were posed as interrogatories and to respond to them by May 15, 2008. It does not inherently entail work product for a party to a civil action to disclose the facts which underlie its allegations in a pleading. If and to the extent the attorney-client privilege or work product protection is claimed as to a specific item of information, the plaintiff must comply with Local Rule 26.2.

In the event—I trust unlikely—that any future discovery dispute should arise, I direct the party raising the dispute to contact opposing counsel to arrange a face-to-face, meet and confer session, which session shall last for no less than one hour, in a good faith attempt to resolve or narrow the outstanding discovery dispute. Thereafter, if the dispute has not been resolved, counsel for the parties are directed to submit a joint letter (the "Joint Letter") (1) certifying that they have complied with the foregoing meet and confer requirement; (2) stating each side's position on the disputed issues; and (3) setting forth the specific relief each side seeks, together with any citations to case law support. The text of the discovery requests and the objections, if any, should be submitted with the Joint Letter. I will either decide the issue on the basis of the Joint Letter, schedule a hearing or conference to resolve the disputes or direct the filing of a formal motion and briefing.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 5, 2008