UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  -against-

COLONIAL INVESTMENT
    MANAGEMENT LLC,
COLONIAL FUND LLC, and
CARY G. BRODY,

        Defendants.

07 CV 8849 (PKC)

**ANSWER OF DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT**

---

Defendants Colonial Investment Management LLC ("CIM"), Colonial Fund LLC ("Colonial"), and Cary G. Brody ("Brody") ("Defendants"), by their attorneys, Dickstein Shapiro LLP, as and for their Answer to the Amended Complaint ("Complaint") of plaintiff Securities and Exchange Commission ("Plaintiff"), state as follows:

## SUMMARY

1. Deny the allegations contained in Paragraph 1 of the Complaint, except admit that Colonial is based in New York, that CIM is Colonial's adviser, and that Brody is a principal of CIM and a Managing Director of, and an investor in, Colonial.

2. State that the allegations contained in Paragraph 2 of the Complaint concerning the prohibitions of Rule 105 set forth a legal conclusion not requiring a response. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the purpose of Rule 105 contained in Paragraph 2 of the Complaint, and respectfully refer the Court to Regulation M, Rule 105 for its content and meaning.

3. Deny the allegations contained in Paragraph 3 of the Complaint.

4. Deny the allegations contained in Paragraph 4 of the Complaint.

## VIOLATIONS

5. Deny the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. State that the allegations contained in Paragraph 6 of the Complaint constitute Plaintiff's characterization of the action instituted by Plaintiff, as to which no response is required.

7. Admit the allegations contained in Paragraph 7 of the Complaint.

8. Admit the allegations contained in Paragraph 8 of the Complaint.

9. Admit the allegations contained in Paragraph 9 of the Complaint.

## DEFENDANTS

10. Admit the allegations contained in the first and second sentences of Paragraph 10 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 10 of the Complaint.

11. Admit the allegations contained in Paragraph 11 of the Complaint.

12. Admit the allegations contained in the first, second, and forth sentences of Paragraph 12 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 12 of the Complaint.

## FACTS

### Overview of Rule 105

13. State that the allegations of Paragraph 13 of the Complaint constitute Plaintiff's characterization of Rule 105 and do not require a response, and respectfully refer the Court to Regulation M, Rule 105 for its content and meaning.

14. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15. Admit the allegations contained in the first sentence of Paragraph 15 of the Complaint, and respectfully refer the Court to Regulation M, Rule 105, as amended, for its content and meaning. Deny the allegations contained in the third sentence of Paragraph 15 of the Complaint

### Brody's Role in Colonial's Violations

16. Deny the allegations contained in Paragraph 16 of the Complaint.

17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint insofar as it alleges that Brody was "familiar" with the "prohibitions" of Regulation M, Rule 105.

### Colonial's Violation of Rule 105

19. Admit the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint.

21. Deny the allegations contained in Paragraph 21 of the Complaint.

22. Admit the allegations contained in the first sentence of Paragraph 22 of the Complaint. Deny the allegations contained in the second and third sentences of Paragraph 22 of the Complaint.

   a.   **CoorsTek, Inc. (CRTK)**

23. Admit the date, volume of shares, and price per share alleged in the first sentence of Paragraph 23 of the Complaint. Deny the remaining allegations of the sentence. Admit the allegations contained in the second sentence of Paragraph 23 of the Complaint. Deny the allegations in the third sentence of Paragraph 23 of the Complaint. Deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 23 of the Complaint.

  **b.**  **Intersil Corp. (ISIL)**

  24.  Admit the date, volume of shares, and price per share alleged in the first sentence of Paragraph 24 of the Complaint. Deny the remaining allegations of the sentence. Admit the allegations contained in the second sentence of Paragraph 24 of the Complaint. Deny the allegations in the third sentence of Paragraph 24 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 24 of the Complaint.

  **c.**  **Endo Pharmaceuticals Holdings Inc. (ENDP)**

  25.  Admit the allegations contained in the first and second sentences of Paragraph 25 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 25 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 25 of the Complaint.

  **d.**  **The Midland Co. (MLAN)**

  26.  Admit the allegations contained in the first and second sentences of Paragraph 26 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 26 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 26 of the Complaint.

  **e.**  **Cubist Pharmaceuticals Inc. (CBST)**

  27.  Admit the allegations contained in the first and second sentences of Paragraph 27 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph 27 of the Complaint,

insofar as they concern a calculation of "loss." Otherwise deny the remaining allegations contained in the third sentence of Paragraph 27 of the Complaint.

  **f.**  **Essex Corp. (KEYW)**

  28. Admit the allegations contained in the first and second sentences of Paragraph 28 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 28 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 28 of the Complaint.

  **g.**  **Natech Pharmaceutical Company Inc. (NSTK)**

  29. Admit the allegations contained in the first and second sentences of Paragraph 29 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 29 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 29 of the Complaint.

  **h.**  **Legg Mason, Inc. (LM)**

  30. Admit the allegations contained in the first and second sentences of Paragraph 29 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph 30 of the Complaint, insofar as they concern a calculation of "loss." Otherwise deny the remaining allegations contained in the third sentence of Paragraph 30 of the Complaint.

  **i.**  **Technical Olympic USA, Inc. (TOUS)**

  31. Admit the allegations contained in the first and second sentences of Paragraph 31 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 31 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

**j.     SupportSort, Inc. (SPRT)**

33. Admit the allegations contained in the first and second sentences of Paragraph 33 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 33 of the Complaint. Deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

**k.     White Electronic Designs Corp. (WEDC)**

35. Admit the allegations contained in the first and second sentences of Paragraph 35 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 35 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 35 of the Complaint.

36. Deny the allegations contained in Paragraph 36 of the Complaint.

**l.     Net2Phone Inc. (NTOP)**

37. Admit the allegations contained in the first and second sentences of Paragraph 37 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 37 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 37 of the Complaint.

38. Deny the allegations contained in Paragraph 38 of the Complaint.

**m.     Komag, Inc. (KOMG)**

39. Admit the allegations contained in the first and second sentences of Paragraph 39 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 39 of the

Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

**n.    Palmsource Inc. (PSRC)**

41. Admit the allegations contained in the first and second sentences of Paragraph 41 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 41 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

**o.    Integrated Silicon Solutions, Inc. (ISSI)**

43. Admit the allegations contained in the first and second sentences of Paragraph 43 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 43 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 43 of the Complaint.

44. Deny the allegations contained in Paragraph 44 of the Complaint.

**p.    Pain Therapeutics Inc. (PTIE)**

45. Admit the allegations contained in the first, second, and third sentences of Paragraph 45 of the Complaint. Deny the allegations contained in the forth sentence of Paragraph 45 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the fifth sentence of Paragraph 45 of the Complaint.

46. Deny the allegations contained in Paragraph 46 of the Complaint.

**q.    Atari Inc. (ATAR)**

47. Admit the allegations contained in the first and second sentences of Paragraph 47 of the Complaint. Deny the allegations contained in the third sentence of Paragraph 47 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the forth sentence of Paragraph 47 of the Complaint.

48. Deny the allegations contained in Paragraph 48 of the Complaint.

**r.    LCC International Inc. (LCCI)**

49. Admit the allegations contained in the first, second, and third sentences of Paragraph 49 of the Complaint. Deny the allegations contained in the forth sentence of Paragraph 49 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the fifth sentence of Paragraph 49 of the Complaint.

50. Deny the allegations contained in Paragraph 50 of the Complaint.

51. Deny the allegations contained in Paragraph 51 of the Complaint.

52. Deny the allegations contained in Paragraph 52 of the Complaint.

53. Deny the allegations contained in Paragraph 53 of the Complaint and respectfully refer the Court to the Proposing Release for its content and meaning.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

55. Deny the allegations contained in Paragraph 55 of the Complaint.

## CLAIM FOR RELIEF

**Violations of Rule 105 of Regulation M Under the Exchange Act**

56. Repeat each and every answer to Paragraphs 1 through 55 herein in response to the allegations contained in Paragraph 56 of the Complaint.

57. Deny the allegations contained in Paragraph 57 of the Complaint.

58. Deny the allegations contained in Paragraph 58 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of estoppel.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Forth Affirmative Defense

Defendants at all times acted in good faith based, in part, on reliance on advice of counsel. At no point did Defendants willfully violate the terms of Regulation M, Rule 105.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

Dated: June 11, 2008
New York, New York

                                        DICKSTEIN SHAPIRO LLP

                                        By:    /s/ Ira Lee Sorkin
                                               Ira Lee Sorkin
                                               Nicole De Bello
                                               Bradley Brown – Law Clerk
                                               1177 Avenue of the Americas
                                               New York, New York 10036
                                               (212) 277-6500
                                               Attorneys for the Defendants

## Certificate of Service

I hereby certify that on June 11, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Valerie A. Szczepanik, Esq.
Securities and Exchange Commission
3 World Financial Center – Room 400
New York, New York 10281

/s/ Bradley Brown
Bradley Brown – Law Clerk
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 277-6500
Attorney for the Defendants