UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | 07 Civ. 8849 (PKC) |
| Plaintiff – Judgment Creditor, | : | |
| - against - | : | |
| COLONIAL INVESTMENT MANAGEMENT LLC, COLONIAL FUND LLC, and CARY G. BRODY, | : | |
| Defendants – Judgment Debtors. | : | **ECF CASE** |

## INFORMATION SUBPOENA WITH RESTRAINING NOTICE
## TO EPIRUS CAPITAL MANAGEMENT, LLC
## RE: CARY G. BRODY
## (FED. R. CIV. P. §§(a) AND NY CPLR §§ 5222 AND 5224)

**TO:  EPIRUS CAPITAL MANAGEMENT, LLC**
**c/o Alan Brody**
**1370 Avenue of the Americas, 20th Floor**
**New York, New York 10019-4602**

**WHEREAS**, in an action in the United States District Court for the Southern District of

New York, Docket Number 07 Civ. 8849 (PKC), between the Securities and Exchange

Commission, as plaintiff, and Colonial Investment Management LLC, Colonial Fund LLC, and

Cary G. Brody, as defendants, being all of the parties to this action, a judgment was issued on

July 17, 2009 in favor of the Securities and Exchange Commission, judgment creditor, and

against Colonial Investment Management LLC and Cary G. Brody, judgment debtors, for

disgorgement in the amount of $990,284.63 and prejudgment interest thereon in the amount of

$339,769.69, for a total of $1,330,054.32 (along with other relief which is not the subject to this

Restraining Notice), of which $1,330,054.32, together with interest from August 3, 2009

($17.49/day) through the date of payment, remains due and unpaid;

**NOW, THEREFORE, WE COMMAND YOU**, that you answer, in writing under oath, separately and fully, each question on the questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and that you return the questionnaire accompanying this subpoena together with the original questions within seven (7) days after your receipt of the questions and this subpoena.

**TAKE NOTICE**, that this information subpoena complies with Rule 69(a) of the Federal Rules of Civil Procedure and with New York Civil Practice Law and Rules § 5224, and that I have a reasonable belief that the party receiving this subpoena has in its possession information about the defendant – judgment debtor Cary G. Brody that will assist the plaintiff – judgment creditor Securities and Exchange Commission in collecting the judgment.

## RESTRAINING NOTICE

WHEREAS, it appears that you owe a debt to the defendant – judgment debtor Cary G. Brody, or that you are in possession or in custody of property in which the defendant – judgment debtor Cary G. Brody has an interest, specifically his interest as a member of Epirus Capital Management, LLC and/or his investments in Epirus Capital Management, LLC.

**TAKE NOTICE**, that pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules § 5222(b), a copy of which is set forth below, you are hereby forbidden to make or suffer any sale, assignment, transfer, or interference with any property in which the defendant – judgment debtor Cary G. Brody has an interest, except on direction of the United States Marshal or pursuant to an order of the Court, until the judgment is satisfied or vacated:

## SECTION 5222(b) OF THE NEW YORK CIVIL PRACTICE LAW AND RULES

Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale,

assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE, that disobedience of this Restraining Notice is punishable as a contempt of court.**

TAKE FURTHER NOTICE, that the plaintiff – judgment creditor Securities and Exchange Commission provides the following notice to the defendant – judgment debtor Cary G. Brody pursuant to New York Civil Practice Law and Rules §§ 5222(d) and (e):

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this

carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);

2. Social security;

3. Public assistance (welfare);

4. Spousal support, maintenance (alimony) or child support;

5. Unemployment benefits;

6. Disability benefits;

7. Workers' compensation benefits;

8. Public or private pensions;

9. Veterans benefits;

10. Ninety percent of your wages or salary earned in the last sixty days;

11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement; and

13. Black lung benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to

court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

Dated:        New York, New York
              July 20, 2010

                                    JOHN J. GRAUBARD
                                    VALERIE A. SZCZEPANIK
                                    LAURA YEU
                                    Attorneys for Plaintiff – Judgment Creditor
                                    SECURITIES AND EXCHANGE COMMISSION
                                    New York Regional Office
                                    3 World Financial Center, Room 400
                                    New York, New York 10281-1022
                                    Tel.:       212-336-0084
                                    Fax:        212-336-1319
                                    E-mail:     graubardj@sec.gov

To:

Ira Lee Sorkin, Esq.
Dickstein Shapiro LLP
1633 Broadway
New York, NY 10019-6708
Counsel for Colonial Investment Management LLC and Cary G. Brody

Richard P. Swanson, Esq.
Arnold & Porter, LLP
399 Park Avenue
New York, New York 10022
Counsel for Intervenor Felicia Pierot Brody

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | 07 Civ. 8849 (PKC) |
| | : | |
| Plaintiff – Judgment Creditor, | : | |
| | : | |
| - against - | : | |
| | : | |
| COLONIAL INVESTMENT MANAGEMENT LLC, | : | |
| COLONIAL FUND LLC, and | : | |
| CARY G. BRODY, | : | |
| | : | |
| Defendants – Judgment Debtors. | : | **ECF CASE** |
| | : | |

**QUESTIONS AND ANSWERS IN CONNECTION WITH AN
INFORMATION SUBPOENA WITH RESTRAINING NOTICE
TO EPIRUS CAPITAL MANAGEMENT, LLC
RE:  CARY G. BRODY
(FED. R. CIV. P. 69(a) AND NY CPLR §§ 5222 AND 5224)**

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) ss.: | |
| COUNTY OF NEW YORK | ) | |

_____ being duly sworn deposes and says: that
deponent is the _____ of Epirus Capital Management, LLC,
recipient of an information subpoena herein and of the original and a copy of questions
accompanying such subpoena.  The answers set forth below are made from information obtained
from the records of the recipient.

(As used in this Information Subpoena, the term "Judgment Debtor" means Cary G. Brody, also
known as Cary Brody.)

Q. No. 1.    Do you have a record of any account in which the Judgment Debtor shown above
             may have an interest, whether under the name of the debtor, under a trade or
             corporate name, or in association with others, as of the date of the subpoena or
             within one year prior thereto?

A. No. 1.    _____ (yes or no)

Q. No. 2.    As to each such account, what is the exact title and identifying number of the account, the date opened, the value of the securities and other holdings in such account; if closed, the value of the securities and other holdings in such account when closed and the date closed?

A. No. 2.

| **Title and Number** | **Date Opened** | **Value of Securities and Other Holdings** | **Date Closed** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Q. No. 3.     Do you hold collateral in which the Judgment Debtor shown above may have an interest?

A. No. 3.     _____ (yes or no)

Q. No. 4.     What is the description and value of each item of collateral?

A. No. 4.

Q. No. 5.     Is the Judgment Debtor shown above indebted to you?

A. No. 5.     _____ (yes or no)

Q. No. 6.     As to each such indebtedness, what is the amount of the original indebtedness, the date incurred, the amount repaid, and the date of each repayment?

A. No. 6.

Q. No. 7.     Do you have any other financial arrangements with the Judgment Debtor shown above, such as a credit card?

A. No. 7.     _____ (yes or no)

Q. No. 8.     What is the nature of such other financial arrangements with the Judgment Debtor?

A. No. 8.

Q. No. 9.     Has the Judgment Debtor given you a statement of his financial condition?

A. No. 9.     _____ (yes or no)

Q. No. 10.    List all assets disclosed on such statement of financial condition or attach a copy
              thereof.

A. No. 10.

Q. No. 11.     What are the taxpayer identification number and last known address of the
Judgment Debtor shown above?

A. No. 11.

_____
[print name]

Sworn to before me this _____ day
of _____, 2010.


_____
Notary Public


Note – New York Civil Practice Law and Rules 5224(a)(3) provides that "Answers shall be
made in writing under oath by the person upon whom served if an individual, or by an officer,
director, agent, or employee having knowledge of a corporation, partnership, or sole
proprietorship. Each question shall be answered separately and fully and each answer shall refer
to the question to which it responds.  Answers shall be returned together with the original of the
questions within seven days after receipt."