UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 07 Civ. 8849 (PKC) |
| Plaintiff, | |
| - against - | |
| COLONIAL INVESTMENT MANAGEMENT, LLC, COLONIAL FUND LLC, and CARY G. BRODY, | |
| Defendants. | ECF CASE |

**DECLARATION OF JOHN J. GRAUBARD
IN SUPPORT OF MOTION FOR TURNOVER ORDER
(FED. R. CIV. P. 69(a) and NY CPLR 5225(b))**

JOHN J. GRAUBARD declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am an attorney admitted to practice in the Courts of the State of New York and in this Court. I am over 18 years old. I believe in the obligations of an oath. I am making this Declaration in support of the Motion of the plaintiff – judgment creditor Securities and Exchange Commission (the "Commission") pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules ("NY CPLR") 5225(b) for an order directing JPMorgan Chase Bank, N.A. ("JPMorgan"), to turn over to the Commission the funds on deposit in account number XXXXXXXX1465 in the name of the defendant – judgment debtor Colonial Investment Management, LLC ("CIM") up to the amount due and owing to the Commission jointly from CIM and from the defendant – judgment debtor Cary G. Brody ("Brody"), which is as of September 20, 2010 the amount of $982,053.49, together with postjudgment interest thereon through the date of payment.

2.  I am a Senior Attorney in the New York Regional Office of the Commission. I am personally familiar with the facts set forth herein, which are based on materials found in the

Court file, provided to the Commission by counsel for CIM, Brody, or the third party Felicia Pierot Brody ("F. Brody"), or produced by JPMorgan pursuant to subpoena.

3. On July 20, 2009 the Court entered a judgment (Doc. No. 66) in favor of the Commission and against CIM, Brody, and Colonial Fund LLC ("Colonial") (the "Judgment"). A copy of the Judgment is attached as Exhibit A. The Judgment granted the Commission injunctive relief and further provided awarded the Commission monetary judgments against CIM, Brody, and Colonial as follows:

    (a) Against CIM and Brody, jointly, for disgorgement of $990,284.63 and prejudgment interest of $339,769.69, for a total of $1,330,054.32 (the "CIM/Brody Disgorgement Judgment");

    (b) Against Colonial for disgorgement of $487,752.13 and prejudgment interest of $167,349.27, for a total of $655,101.40 (the "Colonial Disgorgement Judgment"); and

    (c) Against Brody for a civil penalty of $450,000.00 (the "Brody Civil Penalty Judgment")

4. On August 14, 2009, the Court "So Ordered" the Stipulation re Payment of Judgment (Doc. No. 67) (the "Stipulation re Payment"). A copy of the Stipulation re Payment is attached as Exhibit B. Pursuant to the Stipulation re Payment the Commission acknowledged that Colonial had fully satisfied the Colonial Disgorgement Judgment and that Brody had fully satisfied the Brody Civil Penalty Judgment.

5. CIM and Brody agreed in the Stipulation re Payment that they would pay the CIM/Brody Disgorgement Judgment on or before November 13, 2009. CIM and Brody did not make that payment.

6. CIM, Brody, and Colonial appealed from the Judgment to the United States Court of Appeals for the Second Circuit (Doc. No. 68) on August 14, 2009. On June 17, 2010 the Second Circuit affirmed the Judgment. *SEC v. Colonial Investment Management, LLC*, 2010 WL 2500386 (2d Cir. June 17, 2010).

7. On July 21, 2010, acting as attorney for the Commission I issued an Information Subpoena with Restraining Notice to JPMorgan pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and NY CPLR 5222 and 5224 (Doc. No. 87) (the "Restraining Notice"). A copy of the Restraining Notice is attached as Exhibit C. The Restraining Notice was personally served upon JPMorgan on June 21, 2010, as shown by the Certificate of Service (Doc. No. 88), a copy of which is attached as Exhibit D. The response of JPMorgan to the Information Subpoena is attached as Exhibit E.

8. Following the service of the Restraining Notice (and other information subpoenas and restraining notices) the Commission entered into a Stipulated Order with CIM and Brody, entered by the Court on August 3, 2010 (Doc. No. 90) (the "Stipulated Order"). A copy of the Stipulated Order is attached as Exhibit F.

9. Paragraph II of the Stipulated Order provides:

> **IT IS FURTHER ORDERED**, pursuant to Rule 69(a) and NY CPLR 5240, that the Restraining Notice served on JPMorgan Chase Bank, N.A. with respect to CIM be modified so that all amounts on deposit in the account ending 1465 in the name of Colonial Investment Management LLC is released from the Restraining Order. The effect of the Restraining Notice shall be suspended as to all funds deposited in the account ending in 1465 in the name of Colonial Investment Management LLC after the entry of this Order unless the suspension is terminated by further Order of this Court.

10. Paragraph V of the Stipulated Order provides:

> **IT IS FURTHER ORDERED**, that until further order of this Court CIM shall use only the account at JPMorgan Chase Bank, N.A. ending in 1465 in the name of Colonial Investment Management LLC for banking purposes, and that

>  CIM shall use no other account at any institution within or outside of the United States for banking purposes. Until the judgment is fully paid and satisfied, CIM shall provide the Commission with a photocopy of the monthly account statement for this account each month, no later than five days after it becomes available to CIM. CIM's failure to comply with this provision shall constitute good cause for the Court to terminate the suspension of the Restraining Notices on the JPMorgan Chase Bank accounts of Brody and CIM and the termination of the stay of the Commission from seeking a turn over order or other relief with respect to any money or property subject to the Restraining Notices served on any other entity.

CIM has not provided the Commission with any monthly account statements.

11.　Following the entry of the Stipulated Order, the Commission reached an agreement with CIM and Brody. Pursuant to that agreement, CIM and Brody would pay $974,881.95, the outstanding amount of the CIM/Brody Disgorgement Judgment without postjudgment interest, on or before September 13, 2010.

12.　CIM and Brody did not pay $974,881.95 on or before September 13, 2010.

13.　On September 14, 2010 counsel for CIM and Brody informed the Commission that Brody was unable to transfer the funds to the Commission because of a restraining order issued, postjudgment, on September 3, 2010, in a dissolution of marriage action between Brody and F. Brody. *Felicia Pierot Brody v. Cary Brody*, D.N. FST-FA-08-4014434-S (Conn. Super. Ct. J.D. Stamford-Norwalk). The restraining order issued by the Connecticut court is attached as Exhibit G. A hearing was held in the Connecticut action on September 13, 2010. A transcript of the September 13, 2010 proceedings is attached as Exhibit H.

14. The Commission is filing a Partial Satisfaction of Judgment (the "Partial Satisfaction"). A copy of the Partial Satisfaction is attached as Exhibit I. The amount due on the CIM/Brody Disgorgement Judgment as of September 20, 2010, including postjudgment interest calculated pursuant to 28 U.S.C. § 1961, is $982,053.49.

I declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York on September 20, 2010.

_____
JOHN J. GRAUBARD